NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENSEN ENTERPRISES, INC., | No. 09-15861 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00247-SI |
| v. | |
| OLDCASTLE PRECAST, INC.; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: B. FLETCHER, CLIFTON and BEA, Circuit Judges.

Jensen Enterprises, Inc. ("Jensen") appeals the district court's grant of

summary judgment for Oldcastle Precast, Inc. ("Oldcastle") and three AT&T

affiliates (collectively, "AT&T"). Jensen sued these defendants for federal and

state antitrust violations, as well as state common law torts. The district court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

granted summary judgment on all claims for the defendants on the ground that Jensen could not prove harm to competition or antitrust injury to itself. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## I.

A district court may grant summary judgment where the evidence shows there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1432 (9th Cir. 1995). "We review a grant of summary judgment *de novo* and evaluate the evidence most favorably to the nonmoving party to determine whether any genuine issues of material fact remain and whether the district court correctly applied the relevant substantive law." *Id.*

## II.

Jensen claims that the defendants unreasonably restrained trade and conspired to monopolize the AT&T telephone vault markets in California and Nevada, and that Oldcastle monopolized those markets, in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. Jensen also claims that Oldcastle violated Section 3 of the Clayton Act, 15 U.S.C. § 14, by entering into an exclusive

---

[1] The parties are familiar with the facts of the case, so we will repeat them here only to the extent necessary to explain our decision.

dealing contract with AT&T. The district court properly granted summary judgment for the defendants on these claims because Jensen's evidence failed to raise a genuine issue of material fact to show: (1) there was harm to competition in the relevant markets, or (2) Jensen itself suffered antitrust injury.

A.

Jensen's Sherman Act claims fail because Jensen did not raise a genuine issue of material fact as to whether Oldcastle's contract with AT&T caused harm to competition in the AT&T telephone vault markets in California and Nevada. A contract generally does not harm competition unless it results in supracompetitive prices. *See Rebel Oil*, 51 F.3d at 1433. Jensen admits Oldcastle did not charge developers and contractors supracompetitive prices for telephone vaults as a result of the Oldcastle-AT&T contract. Instead, Jensen claims the Oldcastle-AT&T contract raised the "net" prices for telephone vaults because AT&T did not fully reimburse developers and contractors for vaults in California, and because AT&T failed to reimburse developers in Nevada for delivery costs to ship vaults from Oldcastle, which had no manufacturing plant in Nevada.

Jensen cites no authority to establish that a lack of reimbursement equates to supracompetitive prices. At most, any failure to reimburse might constitute regulatory misconduct by AT&T, but does not amount to an antitrust violation.

3

*See NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128, 136–37 (1998). Because Jensen's evidence failed to raise a genuine issue of material fact as to whether the Oldcastle-AT&T contract resulted in supracompetitive prices in the AT&T telephone vault markets, Jensen did not meet the summary judgment threshold to establish that the defendants committed Sherman Act violations in those markets.

B.

All of Jensen's federal antitrust claims fail because Jensen's evidence did not raise a genuine issue of material fact as to whether it suffered any antitrust injury from the contract between Oldcastle and AT&T. The element of antitrust injury is a requirement for each of Jensen's antitrust claims under Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act. *See Rebel Oil*, 51 F.3d at 1433, 1443–45, 1448; *see also Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1163 n.22 (9th Cir. 2003); *Chelson v. Oregonian Pub. Co.*, 715 F.2d 1368, 1370–72 (9th Cir. 1983). Jensen claims it lost profits because of the Oldcastle-AT&T contract. To raise a genuine issue of material fact as to whether it has suffered an antitrust injury, Jensen had to present evidence that its lost profits were caused by an anticompetitive effect of the Oldcastle-AT&T contract. *See Rebel Oil*, 51 F.3d at 1433. Jensen claims the contract was anticompetitive because AT&T did not fully reimburse developers and contractors for telephone vaults that

4

the developers and contractors bought from Oldcastle. But Jensen admits it would have suffered the same injury—lost profits—had AT&T fully reimbursed developers for those telephone vaults. Accordingly, because no rational trier of fact could find that Jensen's lost profits were caused by an anticompetitive effect of the Oldcastle-AT&T contract, Jensen's evidence did not raise a genuine issue of material fact as to whether it suffered antitrust injury.

III.

Jensen also asserts antitrust violations against Oldcastle in a market for "selling electrical vaults to property developers in Northern California who must purchase Oldcastle's telephone vaults." Jensen offers evidence that developers prefer to buy telephone and electrical vaults from the same vendor for convenience and for reduced delivery costs when these vaults are shipped together. Jensen claims Oldcastle violated the Sherman Act when Oldcastle refused to deliver telephone vaults to Jensen, thereby impeding Jensen's ability to compete in the market for electrical vaults, and when Oldcastle attempted to monopolize that market.

Even were we to assume that the electrical vault market is a relevant market for Jensen's antitrust claims, Jensen offers no evidence of harm to competition in that market; nothing suggests that Oldcastle charged supracompetitive prices for

electrical vaults in the electrical vault market. *See id.* Accordingly, Jensen did not raise a genuine issue of material fact as to antitrust violations in the electrical vault market, and the district court properly granted summary judgment for the defendants on these claims.

IV.

Jensen concedes its state antitrust claims, along with most of its state common law claims, depend on its federal antitrust claims. Because Jensen's federal antitrust claims fail, its state claims likewise fail. The district court also granted summary judgment for an AT&T affiliate, SBC Services, on Jensen's remaining claim of commercial defamation against that affiliate, because Jensen's evidence failed to raise a genuine issue of material fact as to that claim. Jensen waived this issue on appeal. *See Laboa v. Calderon*, 224 F.3d 972, 981 n.6 (9th Cir. 2000) (holding that issues "not specifically and distinctly argued in appellant's opening brief" are waived on appeal) (internal quotation marks omitted).

**AFFIRMED.**